IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PENNYMAC LOAN SERVICES, LLC, | § § § | |
| *Plaintiff*, | § § | 5-24-CV-01430-FB-RBF |
| vs. | § § § | |
| TONI A. PRATHER, TAMARA R. HARGROVE-LENZY AND THE UNITED STATES OF AMERICA, | § § § § § | |
| *Defendants*. | § § § § § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the Amended Motion for Default Judgment filed by Plaintiff PennyMac Loan Services, LLC (hereinafter "PennyMac"). *See* Dkt. No. 35. PennyMac seeks a default judgment against Defendants Toni A. Prather and Tamara R. Hargrove-Lenzy. This case has been referred pursuant to Federal Rule of Civil Procedure 72 and Rules CV-72 and 1 to Appendix C of the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 8. The Court exercises jurisdiction over the matter pursuant to 28 U.S.C. § 1442(a)(1), which confers jurisdiction over civil actions commenced in state court against the United States, or any agency or officer of the United States, and which permits a district court to retain jurisdiction in its discretion even once claims against the United States have been resolved.[1] Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B). For the

---

[1] *See* 14C Mary Kay Kane and A. Benjamin Spencer, Fed. Prac. & Proc. Juris. § 3726 Removal of Particular Cases—Federal Officers and Agencies (Rev. 4th ed. Sep. 2025) (explaining, "Whether the supplemental claims should be remanded if the federal officer's [or agency's] 'anchor' claim is dismissed or settled, or if the supplemental claims have been asserted against non-federal parties, depends on considerations of comity, federalism, judicial economy,

reasons set forth below, the Court recommends that the Amended Motion for Default Judgment, Dkt. No. 35, be **GRANTED**.

## Factual and Procedural Background

According to the Original Petition, Defendants Prather and Hargrove-Lenzy executed a promissory note ("Note") with a principal sum of $292,582.00 and an interest rate of 4.125% per annum. Dkt. No. 1-1 at 6. Prather and Hargrove-Lenzy also executed a Deed of Trust encumbering the Property as security for payment of the Note. *Id*.; *see also* Dkt. No. 1-1 at 15-27. Prather and Hargrove-Lenzy later executed a Transfer and Assignment of Lien designating PennyMac as the beneficiary. Dkt. No. 1-1 at 32. As such, PennyMac is the current holder of the Note. Dkt. No. 1-1 at 6.

Prather and Tamara R. Hargrove-Lenzy failed to pay the scheduled monthly payment that came due on October 1, 2023, and all payments that came due thereafter, thereby defaulting on the payments due. *Id*. They also failed to cure that default. *Id*. PennyMac satisfied "all conditions precedent under Tex. R. Civ. Proc. Chapter 51 . . . including maturing the debt if the loan agreement is an installment debt." *Id*. PennyMac also avers "[t]he Note and Deed of Trust are business records of Plaintiff, as a regularly conducted activity, as 'business records' is generally defined in Tex. R. Evid. § [] 803.6," and that "[a]ll conditions precedent for foreclosure have been performed or occurred as required by Tex. R. Civ. Pro. P. 54." *Id*.

PennyMac sued for foreclosure in Texas state court. *See generally id*. "The payoff, as that term is generally described in Tex. Prop. Code § 12.017(5), of the loan agreement obligation as of

---

and fairness to litigants."). Here, given the nature, length, and number of proceedings held in federal court in this matter, remanding claims to state court would make little sense, even assuming for argument's sake remand were an option at this juncture. *See id*. (noting, "Some courts . . . have held that once a federal court properly acquires jurisdiction by removal under Section 1442(a)(1), the federal court has no discretion to remand any portion of a case.") (citation omitted).

November 15, 2024 is approximately $335,838.23." *Id*. at 6-7. In its Original Petition, PennyMac requests foreclosure of the lien, pursuant Tex. R. Civ. Proc. §§ 309 & 310, as well as attorney's fees incurred in instituting and prosecuting the action. *Id*. at 7-8.

The state action was then removed to this Court on December 16, 2024, specifically by the United States of America pursuant to 28 U.S.C. § 1442(a)(1), which grants U.S. District Courts original jurisdiction over civil actions commenced in state court against the United States, or any agency or officer of the United States. Dkt. No. 1. PennyMac then completed service on Defendants Prather and Hargrove-Lenzy. Dkt. No 35-2; *see also* Dkt. No. 20, 26, 27. Defendants Prather and Hargrove-Lenzy did not answer or file any other responsive pleading within the time required, and they have yet to file a responsive pleading as of the date of this Order. *See* Fed. R. Civ. P. 12(a)(1)(A). They also did not appear at the Initial Pretrial Conference. *See* Dkt. No. 30. Accordingly, PennyMac moved for an entry of default against Defendants Prather and Hargrove-Lenzy, Dkt. No. 31, after which the Clerk's Entry of Default was entered. *See* Dkt. No. 32. PennyMac now moves for a default judgment against Prather and Hargrove-Lenzy, the live motion for which is the Amended Motion for Default Judgment. Dkt. No. 35.

**Analysis**

*A.*   *Default.* The record reflects that PennyMac personally served a copy of the Summons and Complaint on Defendant Prather on March 13, 2025. Dkt. No. 20. PennyMac completed substitute service on Defendant Hargrove-Lenz on May 2, 2025, *see* Dkt. No. 26 & 27, pursuant to Federal Rule of Civil Procedure 4 and this Court's Order Granting Substitute Service. Dkt. No. 25. Defendants Prather and Hargrove-Lenz failed to answer or otherwise defend against PennyMac's claim, as demonstrated by PennyMac's Motion for Clerk's Entry of Default*, see* Dkt. No. 31, and the subsequent Clerk's Entry of Default, *see* Dkt. No 32. Included with PennyMac's Motion for Clerk's Entry of Default is an affidavit from its counsel explaining that neither Prather

3

nor Hargrove-Lenzy are in the military service in accordance with the Service Members Civil Relief Act, 50 U.S.C. § 3931(b)(1)(A). *Id*. at 31-1. The rules provide that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Accordingly, the Clerk properly entered default here.

   B. *Default Judgment.* Once a default has been entered and upon a party's motion, a court may enter a default judgment. Fed. R. Civ. P. 55(b); *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). "[A] party," however, "is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quotation marks omitted). Rather, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975). When considering whether such a basis is presented, a court accepts as true the complaint's well-pleaded factual allegations—except regarding damages—and must determine whether those pleaded facts state a claim upon which relief may be granted. *See id.*; *see also United States ex rel. M-Co. Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).

   PennyMac is entitled to a default judgment because the facts alleged in the Complaint state a claim upon which relief may be granted. Specifically, PennyMac alleges (or has attached loan documents demonstrating) that: (1) it is the current mortgagee of the property; (2) Defendants Prather and Hargrove-Lenz owe a debt and the debt is secured by a home-equity lien permitted by Article XVI, § 50(a)(6) of the Texas Constitution; (3) Defendants Prather and Hargrove-Lenz are in default under the note and deed; and (4) Defendants Prather and Hargrove-Lenz were properly served with notice of the default and acceleration, *see* Dkt. No. 35-1 at 2-3, 52-74, and they were provided an opportunity to cure the default in accordance with § 51.002(d) of the Texas Property Code, *id*. *See Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740-42 (S.D. Tex. 2013),

*aff'd*, 583 F. App'x 306 (5th Cir. 2014) (citing Tex. Prop. Code § 51.002). A default judgment is therefore appropriate, and PennyMac should be permitted to enforce its lien against the property through judicial foreclosure of the property in accordance with the terms of Deed of Trust and in accordance with Tex. R. Civ. Proc. § 309. *See Douglas v. NCNB Tex. Nat'l Bank*, 979 F.2d 1128, 1130 (5th Cir. 1992) ("Under Texas law, lenders have a substantive right to elect judicial or nonjudicial foreclosure in the event of a default.").

PennyMac also requests, and is entitled to receive, a judgment declaring that the following are secured by the deed on the property: (a) the outstanding balance on the Note, $335,838.23; (b) prejudgment interest; (c) post-judgment interest from the date of judgment until paid; (d) costs of court; and (e) attorney's fees. Dkt. No. 1-1 & 35. As for court costs, PennyMac requests and should be awarded its costs provided it timely files a bill of costs using the form required by the Clerk of the Court and supported by appropriate documentation. And as for attorney's fees, it may also request reasonable attorney's fees in compliance with Federal Rule of Civil Procedure 54(d)(2). Any such fees and costs, however, may only be recovered against the property after a foreclosure sale. *See Huston*, 988 F. Supp. 2d at 741.

## Conclusion

For these reasons, Plaintiff's Amended Motion for Default Judgment, Dkt. No. 35, should be **GRANTED** and PennyMac should be authorized to enforce the power of sale in the deed through foreclosure of the property pursuant to Section 51.002 of the Texas Property Code. Upon the filing of a Motion for Entry of Judgment, with a proposed judgment attached, PennyMac is also entitled to a judgment declaring that the following are secured by the deed on the property: (a) the outstanding balance of the Note; (b) prejudgment interest; (c) post-judgment interest from the date of judgment until paid; (d) costs of court; and (e) attorney's fees.

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

    **IT IS SO ORDERED**.

    **SIGNED** this 12th day of November, 2025.

    **RICHARD B. FARRER**
    **UNITED STATES MAGISTRATE JUDGE**